**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

MARK J. KWOKA, MARK P. KWOKA, JR.,
 AND PHILMAR TRADING CORP.,

                    Plaintiffs,                    Docket No.:

              v.

DIANE D'ANGELO, KASSY LAUER, ELAINE PLATT,
and JONES LAW FIRM, P.C.,              **COMPLAINT**


     Defendants.


_____

Plaintiffs, Mark J. Kwoka, Mark P. Kwoka Jr., and Philmar Trading
Corp., through their attorneys Segal Gebski & Berne LLP, alleges:


## PARTIES

1.   Plaintiff Mark J. Kwoka ("Kwoka Sr."), is a natural person
domiciled in the State of Florida and residing at 9265 Dundee Dr.,
Lake Worth, FL 33467.

2.   Plaintiff, Philmar Trading Corp., ("Philmar"), is a Florida
Corporation with its principal place of business located at 9265
Dundee Dr., Lake Worth, FL 33467.

3. Plaintiff, Mark P. Kwoka Jr., ("Kwoka Jr."), is a natural person
residing in the Republic of Poland and the State of Florida.

4.   Defendant, Diane D'Angelo, ("D'Angelo") is a natural person
domiciled in the State of Tennessee, and residing at 7909 Whitcomb
Rd Powell, TN 37849.

5.    Defendant, Kassy Lauer, ("Lauer") is domiciled in the State of Indiana, with the last known address of, 2820 Lincoln Avenue, Evansville, Indiana 47714.

6. Defendant, Elaine Platt, Esq., ("Platt") is domiciled and admitted to practice law in the State of New York, with the last known address of, 5 Tuor City Pl, New York, NY 10017. Ms. Platt practices law with the defendant Jones Law Firm, P.C.

7. Defendant, Jones Law Firm, P.C., ("Jones Law") is registered as a domestic professional service corporation, with its principal place of business located at, 1270 6th Avenue, 7th Floor, New York, NY 10020.

8. Attorney Tanner Bryce Jones, is the sole shareholder of the defendant Jones Law Firm, P.C.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is diversity of citizenship between Plaintiffs and the Defendant.

10.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(c)(1)&(2).

## SUMMARY OF CLAIMS

11. In this lawsuit, (i) plaintiffs Kwoka Sr. and Philmar seek defamation and tortious interference damages against the defendants D'Angelo, Platt and Jones Law; (ii) Plaintiff Mark P. Kwoka, Jr. seeks defamation damages against defendants D'Angelo and Lauer; (iii) Plaintiffs, Kwoka Sr., Kwoka Jr., and Philmar, seek to recover treble damages under Judiciary Law § 487, against defendants Elaine Platt and the Jones Law Firm, P.C. arising from their wrongful prosecution against plaintiffs, on behalf of the

defendant Diane D'Angelo. Without merit, Defendants filed two wrongful and duplicative litigations, one as counterclaims in the matter of Mark Kwoka et al. v. Diane D'Angelo d/b/a Lasting Memories, S.D.N.Y. docket No. 24-cv-02246, and second, restating their claims almost verbatim, in the New York Supreme Court action index No. 654233/2024. Both actions are primarily "copy and paste" duplicative claims and filed based on false and fraudulent allegation having no factual or evidentiary support. Also, plaintiffs, relying on their individual claims, seek to recover damages against the defendants, pursuant to the civil conspiracy theory to commit acts enumerated in their respective causes of action.

## BACKGROUND

12.    Plaintiff Mark J. Kwoka Sr., on or about July 17, 2019, through his CPA, Mr. Niki Patel, formed a Florida domestic company Esme Designs LLC ("Esme" or "Company").

13.    That Mr. Kwoka paid all registration and filing fees out of his own funds which were never reimbursed, neither by the Company nor Ms. D'Angelo.

14.    That on or about, August 6, 2019, the IRS issued form SS-4 assigning Esme Designs LLC, the Employer Tax Identification number and designating "Mr. Mark Kwok MBR" as the company's taxation responsible member.

15. That based on the instructions received from Mr. Kwoka and Ms. D'Angelo, on July 17, 2019, Mr. Niki Patel, CPA, registered the company as 50/50 membership, designating it as partnership for the IRS.

16. That since its registration, the company always filed its tax returns as 50/50 partnership and issued equal K-1 forms.

17. That based on the parties' oral agreement, held instead of the official written member resolution, Ms. D'Angelo was elected the Company's Manager and Mr. Kwoka its Financial Director or CFO.

18. That between 2019-2024, parties cooperated as equal members of Esme Design and partnership pursuant to the Florida Revised Limited Liability Company Act, Chapter 605 of the Florida Statutes.

19. That in December 2022, plaintiff, Mark P. Kwoka Jr. was hired by Kwoka Sr. and D'Angelo through their Esme Designs LLC company.

20. That plaintiff, Mark P. Kwoka Jr. is the U.S. Air Force Iraq war veteran, having served his country with distinctions and is the recipient of the National Defense Service Medal, Air Force Outstanding Unit Award, Global War on Terrorism Service Medal Air Force Good Conduct Medal and the Iraq Campaign Medal. Plaintiff Kwoka Jr. has been honorable discharged and has otherwise unblemished reputation in his social and business community.

21.  That on, January 31, 2024, Mr. Kwoka and Ms. D'Angelo verbally agreed progressively separate their partnership and to divide their Esme Designs LLC business.

22.  That the separation discussion lasting approximately 115 minutes, set in detail the preliminary terms and was audio recorded.

23.  That defendant D'Angelo, despite previously agreeing to separate her partnership with Mr. Kwoka Sr, had a change of heart and retained services of a Tennessee attorney, Mr. Mike Hickman, Esq., who demanded that Mr. Kwoka Sr., stay away from Ms. D'Angelo, their Esme Designs LLC company and its bank account.

24.   Ms. D'Angelo and Mr. Hickman further falsely and without any factual or legal grounds, declared that the Esme Designs LLC is solely owned by Ms. D'Angelo.

25.  That not being able to amicably dissolve their business relationship, Mr. Kwoka filed the Federal lawsuit against Ms. D'Angelo alleging various business and contractual claims.

26.  The above lawsuit was filed the United States District Court in the Southern District of New York, Docket number 24-cv-02246.

27.  That, defendants, Jones Law Firm, PC, and Elaine Platt, Esq., contacted Ms. D'Angelo and offered their legal services with respect to the S.D.N.Y. lawsuit.

28.  That defendant Jones Law Firm, as a part of its regular business, solicits potential clients based on their research of new lawsuit filings in the New York State and Federal court system.

29.  That, absent single shred of evidence corroborating Ms. D'Angelo's false claim of being the Esme Designs' sole owner, on June 25, 2024, in order to substantiate their false claims to the entire company and forthcoming meritless counterclaims and claims, Ms. D'Angelo with the assistance of Ms. Platt, Esq., filed with the Florida Department of State, Division of Corporation, a document titled "Statement of Facts" bearing hand written numbers "L19000184429" and "500428286605" being a false and fraudulent affidavit alleging sole ownership of the company where Ms. D'Angelo was only 50% member.

30.  That filing false documents with the Florida Division of Corporations is a third-degree felony punishable under the Florida Statute 775.082, 775.083, or 775.084.

31. That, despite not having any corroborative evidence as to Ms. D'Angelo's claims, nor being admitted to practice law in the State of Florida, Ms. Platt drafted and otherwise assisted Ms. D'Angelo in filing the above false Statement of Facts and without proper authority changing the Company's address and registered agent.

32. That, because of the ownership deadlock, neither party was authorized to take any actions on behalf of the company, without the consent of the other, until the deadlock was amicably resolved or pursuant to a court's order. Ms. D'Angelo violated such rule by nominating herself the sole director, changing the company address and registered agent and revoking Mr. Patel's authority.

33. That without legal or factual justification, the defendants, Diane D'Angelo, Kassy Lauer, Jones Law Firm, and Elaine Platt, Esq., conspired with each other and lounged a defamatory, fraudulent and accusatory campaign solely design to injure the herein plaintiffs and leverage Mr. Kwoka's case against Ms. D'Angelo.

34. That based on the fraudulent Affidavits and other company records, only indicating Ms. D'Angelo's administrative role with the Company, Ms. Platt, on behalf of Ms. D'Angelo filed number of false counterclaims, motions and letter complaints including but not limited to the September 4, 2024, Injunction Motion (S.D.N.Y. 24-cv-02246 & Dkt. 42) requesting authorization and custody of the company's tax records and filing privilege which always belonged to Mr. Kwoka.

35. That, in the Federal Action, Ms. Platt filed over 20 motions and letter petitions with the Court, based on false statements, without any legal and/or factual support and with full knowledge of their falsity with the sole intent to disrupt the court's

proceedings, delay discovery and falsely accuse plaintiffs and their counsel.

## APPLICABLE STATUTES AND RULES

36. The Rules of the Chief Administrator of the New York courts provide in pertinent part as follows:

### § 130-1.1 Costs; Sanctions

(c) For purposes of this Part, conduct is frivolous if:
    (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
    (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
    (3) it asserts material factual statements that are false

Frivolous conduct shall include the making of a frivolous motion for costs or sanctions under this section. In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.

### Section 130-1.1a Signing of papers

(a) Signature. Every pleading, written motion, and other paper, served on another
party or filed or submitted to the court shall be signed by an attorney, or by a party if the
party is not represented by an attorney, with the name of the attorney or party clearly
printed or typed directly below the signature. Absent good cause shown, the court shall
strike any unsigned paper if the omission of the signature is not corrected promptly after
being called to the attention of the attorney or party.

(b) Certification. By signing a paper, an attorney or party certifies that, to the best
of that person's knowledge, information and belief, formed after an inquiry reasonable
under the circumstances, (1) the presentation of the paper or the contentions therein are
not frivolous as defined in section 130-1.1(c) of this Subpart, and (2) where the paper is an
initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was,
the attorney or other persons responsible for the illegal conduct are not participating in the
matter or sharing in any fee earned therefrom, and (ii) the matter was not obtained in
violation of 22 NYCRR 1200.41-a [DR 7-111].

37.  The Disciplinary Rules of the Code of Professional Responsibility, regulating the conduct of New York attorneys provides in pertinent part as follows:

DR 7-102 Representing a Client Within the Bounds of the Law

A. In his representation of a client, a lawyer shall not:

1. File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.
2. Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.
3. Conceal or knowingly fail to disclose that which he is required by law to reveal.
4. Knowingly use perjured testimony of false evidence.
5. Knowingly make a false statement of law or fact.
6. Participate in the creation or preservation of evidence when he knows, or it is obvious that the evidence is false.
7. Counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent.
8. Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule.

B. A lawyer who receives information clearly establishing that:

1. His client has, in the course of the representation, perpetrated a fraud upon a person or tribunal shall promptly call upon his client to rectify the same, and if his client refuses or is unable to do so, he shall reveal the fraud to the affected person or tribunal.

2. A person other than his client has perpetrated a fraud upon a tribunal shall promptly reveal the fraud to the tribunal

38. Judiciary Law Section § 487, regulating the conduct of New York attorneys provides in pertinent part as follows:

Section § 487: Misconduct by attorneys

An attorney or counselor who:

1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,

2. Willfully delays his client's suit with a view to his own gain; or, willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable                                                                    for,
Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.


**CAUSES OF ACTION**

**I. First Cause of Action: Defamation of Mark J. Kwoka Sr. and Philmar Trading Corp., against Defendants Diane D'Angelo**

39. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. Defendants D'Angelo, Platt, and Jones Law Firm made false and defamatory written and verbal statements about Mr. Kwoka Sr. and

Philmar, without privilege or authorization, which were false, with full knowledge they were false, to third parties, causing harm to their reputation and business relationships.

41. The defendant made a written or oral statement of fact that is false about the plaintiff to a third party without privilege or authorization.

42. In or about August of 2024, Defendant Diane D'Angelo, accused Plaintiff Mark Kwoka of intellectual property misappropriation, by making defamatory statements to the owners and/or executives of Moonlight Bridal company, a client of Kwoka Sr. and Philmar, thereby damaging their reputation and business relationships.

43. That in or about 2023, when the Esme partnership being developed by Kwoka and D'Angelo. Ms. D'Angelo, whose design instructions were ineligible to the manufacturers in China, received in confidence, by email, three sample outdated and no longer utilized, design "Tech Pacs" for the sole purpose of showing her how to properly structure/draw her designs, so the factory can properly manufacture.

44. That armed with those outdated and no longer utilized "Tech Pacs" Defendant, D'Angelo, made several phone calls to the owners of Moonlight Bridal, and otherwise conveyed false information, always knowing, they were false but nevertheless accusing Kwoka Sr. and Philmar of misappropriation of their designs and IP.

45. That such D'Angelo's defamatory act was acknowledged and confirmed on the record by Ms. Platt during the Injunction Hearing held on September 10, 2024.

46. That, Defendant D'Angelo, made similar accusation to other companies and individuals that were/are customers of Kwoka Sr., Philmar and/or Esme disparaging Mr. Kwoka Sr. and Philmar, with a

sole purpose to injure their reputation and business relationships.

47. At all times, Defendants D'Angelo and Platt, knew those statements were false.

48. That those statements were defamatory, false and were made with reckless disregard to the truth and they exposed plaintiffs to public contempt, hatred, ridicule, aversion, or disgrace.

49. That, outside of the regular discovery process, defendant Platt and Jones Law, improperly pursued otherwise irrelevant information by contacting all present and former Kwoka Sr. and Philmar business associates, including those with whom Kwoka Sr. was not associated for almost two decades.

50. That defendant Platt and Jones Law by email and through unnoticed subpoenas, which were later quashed for impropriety, requested privileged and irrelevant to the ongoing litigation financial and employment records not only of Plaintiff Kwoka Sr. but also of Philmar which was not even a party of the litigation.

## II. Second Cause of Action: Defamation of Mark P. Kwoka Jr. by Kassy Lauer

51. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 50 as if fully set forth herein.

52. That, Ms. Lauer is a longtime personal friend of Ms. D'Angelo.

53. That Ms. Lauer is also a customer of Esme Designs in addition to being a personal fired of Ms. D'Angelo.

54. That Ms. Lauer and Ms. D'Angelo, talk regularly on the phone, visit and stay in each other homes.

55. That as of August 2024, Ms. Lauer owed Esme for the ordered and received merchandize a sum of $16,874.90.

56. That on August 11, 2024, Ms. Laure called Mr. Kwoka Jr. who, after Ms. D'Angelo's withdrawal and abandonment of Esme Designs had to take over all administrating and financial tasks, including debt collection and customer service.

57. That the pursuant to the company's standard procedures, the phone call was recorder for customer service quality and training purposes.

58. That the conversation between Kwoka Jr. and Ms. Laure, was exclusively about her current business struggles and pending debt.

59. That the subject of litigation between the Kwoka and D'Angelo was not mentioned at all.

60. That, on August 14, 2024, Ms. Lauer wrote an email to Ms. D'Angelo, disguising herself as a "concerned customer" who doesn't "want to do anything illegal" and knowingly defamed Mr. Kwoka Jr. accusing him of lying about the ongoing litigation.

61. Ms. Lauer in her email to Ms. D'Angelo Subject: "Concerns about a lawsuit??" stated:

> "I am reaching out because I am concerned about the lawsuit, I was just made aware of between you and Mark Kwoka and how it will affect my chain of supply. I was just on a phone call with Mark Jr. where he informed me that you have lost the lawsuit and been ordered to have no contact with any stores that were previously Esme accounts. … He says that I can face legal action and that selling any goods to me (even from your new company) is a violation of a court order. Can you advise me on what to do here?.... He told me that you were simply an employee of Esme and that continuing to do business with you would violate orders from the judge. … I was under the impression that you were the owner of Esme since the line

started. When I met Mark Kwoka at the BBG seminar in Orlando, he introduced himself as your factory agent- not as an owner of the brand. … It feels super shady. **I definitely don't want to be involved in doing anything illegal**. …. You know I love you!"

Case 24-cv-02246-AS Dkt. 42-5.

62. That the entire email was fabricated in concert by Ms. Lauer, Ms. D'Angelo and Ms. Platt.

63. As it is clear from the audio recording, the subject of litigation or any "judge's orders" was not mentioned during the conversation in question and no other conversation was held during the month of August 2024. Therefore, Ms. Lauer could learn the details of the litigation and be couched on what to write by Ms. D'Angelo and Ms. Platt.

64. That, based on the audio recording, all of the Lauer statements were false.

65. That defendants Platt and Jones Law, through discovery received the audio recording and transcript of this phone call on or about February 10, 2025, and despite their legal and ethical/professional obligation, failed to withdraw this false statement and neglected to notify the presiding judge of this fraudulent evidence.

66. Those defendants relied on this evidence in their injunction motion which was granted in part based on this false evidence.

### III: Third Cause of Action: Tortious Interference with a Contract on behalf of Philmar Trading Corp. and Mark J. Kwoka Sr., as against Platt, Jones Law Firm and D'Angelo

67. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 66 as if fully set forth herein.

68. That in or about 2016, Plaintiffs Kwoka Sr. and Philmar, entered into a valid and enforceable contract with Moonlight Bridal company for their bridal garments manufacturing in China.

69. That between 2011 and 2024, Plaintiffs entered into number of similar valid and enforceable contracts with companies that Defendants are trying to interfere with.

69. That those contracts were duly executed and remain in full force and effect.

70. That through the Esme partnership relationship between Kwoka Sr., and D'Angelo, Ms. D'Angelo learned about those contracts with third parties, as evidenced from parties' communications and the email with sample Tech Pacs that D'Angelo falsely used as pretended evidence of Kwoka's wrongdoing against Moonlight Bridal.

71. Defendants D'Angelo, Platt, and Jones Law Firm intentionally interfered with Plaintiffs' business relationships, causing economic harm.

72. That as result of the defendants' interference, Plaintiffs Kwoka Sr. and Philmar, sustained damages which sum shall be determined at trial.

73. That as result of defendants' interference, Plaintiffs Kwoka Sr. and Philmar, lost its decade long contract for accounting services with Mr. Niki Patel CPA, who resigned after being improperly contacted by the defendants.

### IV. Fourth Cause of Action: Abuse of Process against Ms. Platt and Jones Law Firm PC pursuant to NYJL ¢ 487

74. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 73 as if fully set forth herein.

75. That Jones Law and Ms. Platt through their improper conduct in the Federal and State litigations acted with an ulterior purpose other than resolving legal dispute.

76. That the acts of Jones Law and Ms. Platt were willful in the use of the legal process that was and is not proper in the regular conduct of the proceedings.

77. That Jones Law and Ms. Platt drafted, and otherwise assisted D'Angelo with fraudulent filing of the Statement of Facts filed with the Florida Department of State.

78. That, Jones Law and Ms. Platt, at all times knew that there were no supporting evidence substantiating Ms. D'Angelo assertion of being sole owner of Esme Company.

79. That, Jones Law and Ms. Platt, at all times knew that there were no supporting evidence substantiating their over 20 motions for contempt and sanctions against Plaintiffs' counsel.

80. That, Jones Law and Ms. Platt, at all times knew that their submitted to the court sworn and affirmed statements of law and facts were false and were directed against Plaintiffs' counsel only to injure his reputation and standing and otherwise disrupt the proceedings.

81. That, Ms. Platt knowingly submitted to the court fraudulent claims of Ms. D'Angelo about not being served with the Complaint and later self-contradicted those sworn statements with another attorney's affirmation attesting that he in fact received the complaint on Ms. D'Angelo's behalf. Therefore both Ms. D'Angelo and Ms. Platt falsely declared lack of their receipt of the complaint. Furthermore, even Ms. D'Angelo's own husband lied to the process server about not knowing who Ms. D'Angelo was in his attempt to avoid being served.

82. That D'Angelo's statements about being the sole member of the company were false and defendants Platt and Jones Law knew, or being overwhelmed with the evidence to the contrary, should have known, it was false at the time they filed their pleadings and motions. Also, defendants never sought to correct those false statements and relied on it throughout the litigations in violation of their professional and ethical obligations.

83. That defendants Platt and Jones Law submitted multiple false exhibits and sworn statements in their injunction filed on September 4, 2024.

84. That defendants Platt and Jones Law submitted multiple false and sworn statements to the court falsely accusing Plaintiffs' counsel of discovery improprieties fraudulently seeking sanctions and contempt of court.

## V. Fifth Cause of Action: Civil Conspiracy against all Defendants.

85. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 84 as if fully set forth herein.

86. That the defendants D'Angelo, Lauer, Platt and Jones Law, had an agreement or understanding to conspire with respect to the above enumerated claims amounting to the level of civil conspiracy.

87. That the defendants' conspiracy was unlawful and served no legitimate purpose.

88. That there was a meeting of the minds between the defendants to commit those unlawful acts.

89. That those acts were committed by some or all of the conspirators in furtherance of the conspiracy.

90. That as a result of their conspiracy plaintiffs were defamed and injured.

91. That because of defendants' conspiracy plaintiffs' otherwise valid agreements with their business partners were interfered with causing damages.


**WHEREFORE**, Plaintiffs demand judgement against the Defendant for:

A. Award Plaintiffs compensatory and punitive damages in an amount to be determined at trial.

B. Award Plaintiffs their costs and attorneys' fees incurred in this action.

C. Grant such other and further relief as the Court deems just and proper.


**JURY DEMAND**

Plaintiffs hereby demand a trial by jury with respect to all issues so triable.


SEGAL GEBSKI & BERNE LLP
Attorneys for Plaintiffs

By: ___/s/ Marius Gebski_____
Marius Gebski (MS 4915)
295 Madison Avenue, 12th Floor
New York, New York 10017
Tel.: (212) 244-2805
Email: mgebski@gebskilaw.com